UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

STEVEN SNYDER, et al.,

    Plaintiff(s),

v.

SMITH'S FOOD & DRUG CENTERS, INC.,

    Defendant(s).

Case No. 2:22-cv-02029-RFB-NJK

**ORDER**

[Docket No. 18]

Pending before the Court is a stipulation to extend discovery deadlines by 90 days. Docket No. 18.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). The required showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See, e.g.*, *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 967 (N.D. Cal. 2010).

The instant request suffers from several deficiencies. First, the deadline to amend the pleadings or add parties has already expired. *See* Docket No. 18 at 4. Hence, relief as to that deadline requires an additional showing of excusable neglect, *see, e.g.*, Local Rule 26-3, which has not been made.

Second, the stipulation fails to include a "statement *specifying* the discovery completed" as Local Rule 26-3(a) (emphasis added), and instead provides an abbreviated showing to that end, Docket No. 18 at 2. Vague reference to having "propounded written discovery" is not helpful in

the Court's analysis of diligence.[1]  The "specification" necessary requires a precise indication of the discovery served and the pertinent dates for service and responses.

Third, the request appears to be premised almost entirely on the fact that Plaintiffs' counsel has scheduled a month-long overseas vacation.  *See* Docket No. 18 at 2.  The Court encourages a healthy work-life balance, but the stipulation fails to explain how these vacation plans constitute good cause for an extension.  More specifically, one would suspect that these vacation plans were previously known to counsel, so it is unclear why they were not addressed when the Court was entering a scheduling order.  *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (explaining that good cause to modify case management deadlines requires the existence of circumstances that could not have been reasonably foreseen or anticipated at the time of issuance of the scheduling order).  Moreover, Plaintiffs are represented by multiple attorneys, so it is not clear why the absence of one precludes work being conducted by the other.  *See Williams v. James River Grp.*, ___ F. Supp. 3d ___, 2022 WL 4181415, at *5 (D. Nev. Sept. 13, 2022) (explaining that each attorney of record has an independent responsibility to diligently advance the case so as to meet the deadlines in the scheduling order).[2]

Fourth, the stipulation requests a 50% enlargement of the discovery period by seeking to add three months to the existing six-month discovery period.  The stipulation fails to correlate in any way how the circumstances described would necessitate such a lengthy extension.

As a <u>one-time</u> courtesy to counsel, the Court will provide a 30-day extension to the unexpired deadlines[3] to account for the mentioned vacation.  Accordingly, the stipulation is extend is **GRANTED** in part and **DENIED** in part.  Deadlines are hereby **RESET** as follows:

- Initial disclosures:  closed
- Amend pleadings/ add parties:  closed

---

[1] The stipulation appears to include a typographical error.  Docket No. 18 at 2 ("Plaintiffs have propounded written discovery requests to which Plaintiffs have yet to respond").

[2] The vague assertions that discovery is "voluminous" and involves multiple plaintiffs is not sufficient to justify a 90-day extension.  *See* Docket No. 18 at 3.

[3] The deadline to amend or add parties remains closed as excusable neglect was not shown.

- Initial experts: May 8, 2023
- Rebuttal experts: June 5, 2023
- Discovery cutoff: July 5, 2023
- Dispositive motions: August 4, 2023
- Joint proposed pretrial order: September 5, 2023, or 30 days after resolution of dispositive motions

The Court reminds counsel that the case management deadlines must "be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Moving forward, the Court will hold the parties to the governing standards.

IT IS SO ORDERED.

Dated: March 16, 2023

_____
Nancy J. Koppe
United States Magistrate Judge